## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

PAUL E. GOODE, JR.,         )

     Plaintiff,            )

     v.                   )       7:19-cv-00960-LSC

CAPPO MANAGEMENT    )
XXXVIII, LLC,           )

     Defendant.         )

## MEMORANDUM OF OPINION

Plaintiff Paul E. Goode, Jr. ("Goode") filed this employment discrimination action against Defendant Cappo Management XXXVIII, LLC ("Cappo"), alleging violations of Title VII and 42 U.S.C § 1981 and a state law claim for intentional infliction of emotional distress. Before this Court is Cappo's Motion to Compel Arbitration. (Doc. 9.) For the reasons stated below, the motion is due to be granted.

## I.    BACKGROUND[1]

### A. Factual Background

Goode, an African-American male, worked as a salesman for Cappo. Cappo owns and operates Freeway Honda, a car dealership in Birmingham. He alleges that his claims "occurred at 1813 Ensley Avenue, Ensley, AL 35218," (doc. 4 at 2), which

---

[1]    The following facts are taken from Goode's amended complaint (doc. 4) and Cappo's motion to compel (doc. 9), and the Court makes no ruling on their veracity.

is Freeway Honda's physical address, (doc. 14 at 3). At the outset of his employment, Goode signed an Arbitration Agreement ("Agreement") (doc. 12), in which he agreed that any dispute between him and Cappo shall be submitted to binding arbitration. The Agreement does not identify Cappo by name, and the name Victory Automotive Group, Inc. ("Victory") appears at the top of the first page. According to Cappo, Victory provides third-party management services to various car dealerships nationwide, including Cappo; Victory drafted the Agreement on behalf of Cappo; and Victory was neither Goode's employer nor a party to the Agreement. (*See* doc. 14 at 3–4.)

The Agreement states in pertinent part:

Employer and Employee have determined that they would prefer to arbitrate any dispute arising between them, instead of going to court before a judge or jury. Employer and Employee therefore mutually agree that <u>any dispute</u> between them (including any dispute involving an employee or agent of Employer) shall be submitted to binding arbitration. Employer and Employee mutually agree to waive any right to present any dispute between them to a court, to a judge, or to a jury. For purposes of this Agreement the term "Dispute" means any claim, dispute, difference, or controversy, whether or not related to or arising out of the employment relationship, and including any claim, dispute, difference, or controversy (i) arising <u>under any federal</u>, state, or local <u>statute</u> or ordinance (<u>including claims of discrimination or harassment</u>); (ii) <u>based on any common-law rule or practice</u> . . . or (iv) <u>any other claim</u>, dispute, difference, or controversy whatsoever.

. . .

Employer and Employee have each read and understand this agreement, and understand that this agreement to binding arbitration constitutes a waiver to trial before a judge or jury.

(Doc. 12 at 2 (emphasis added).) Further, the Agreement requires Cappo to advance all arbitration fees and costs on behalf of Goode, with the final allocation of said fees and costs to be made by the arbitrator. Finally, the Agreement bears the signatures of Goode and Cappo's Title Clerk and authorized representative, Cindy Hood ("Hood"). (*See id.* at 3; doc. 14 at 3–4.)

In an affidavit filed during briefing on Cappo's motion to compel arbitration, Goode asserts that he was an employee of Victory and that he never signed an arbitration agreement with Cappo. However, Goode does not contest the fact that he signed the Arbitration Agreement submitted in this action. (*See* doc. 19.) Further, Hood stated under oath that she has never been an employee of Victory, and she lacked the authority to sign an arbitration agreement on Victory's behalf. Cappo also submitted several documents demonstrating that it was Goode's employer, including: (1) a paystub issued to Goode that bore Freeway Honda's and Cappo's names, but not Victory's; (2) a document entitled "Payroll Policies and Compensation Terms Agreement," which lists Goode as the employee and the store name as Freeway Honda; and (3) a document entitled "Freeway Honda Individual Finance Manager Pay Plan," which appears to be signed by Goode. (*See* doc. 18 at 8–24.)

## B. Procedural Background

Following his termination, Goode brought this action against Cappo, alleging that he was discriminated against based on his race.[2] On November 12, 2019, Cappo filed a motion to compel arbitration and to dismiss these proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"). (Doc. 9.) On November 18, 2019, this Court ordered Goode to show cause why the motion to compel arbitration should not be granted and directed him to file his written submission within fourteen (14) days. (Doc. 10.) Goode did not respond within the deadline. On December 5, 2019, this Court ordered Cappo to file a copy of the alleged arbitration agreement signed by the parties. (Doc. 11.) Further, this Court observed that Goode had not responded to the motion to compel arbitration and directed him to file his written submission as to why the motion should not be granted by Wednesday, December 18, 2019. (*Id.*) Thereafter, Cappo filed a copy of the Agreement signed by the parties. (Doc. 12.)

On January 7, 2020, this Court ordered Cappo to file an affidavit explaining the relationship between Cappo and Victory, the entity whose name appears at the top of the Agreement, and further afforded Goode two days from the date of the

---

[2]     The record is silent as to whether Goode filed a Charge of Discrimination with the Equal Employment Opportunity Commission before bringing his Title VII claim.

filing of the affidavit to file any objections thereto. (Doc. 13.) Cappo timely filed its affidavit. (Doc. 14.) Goode timely filed an Objection to Arbitration (doc. 15) and supporting affidavit (doc. 15-1) in which he averred that he was an employee of Victory and that he never signed an arbitration agreement with Cappo.

On January 17, 2020, this Court ordered the parties to file written submissions by January 27, 2020, addressing whether the Agreement is valid and enforceable in light of Goode's objection and supporting affidavit. (Doc. 16.) This Court's Order specifically stated: "If it is Goode's contention that he did not sign the Arbitration Agreement attached hereto as Exhibit A, Goode is directed to file an affidavit in which he states under oath that he did not sign the Arbitration Agreement attached hereto as Exhibit A by 5:00 PM CST on Monday, January 27, 2020." (*Id.* at 2.) The parties timely filed their written submissions, but Goode did not file an affidavit stating that he did not sign the Arbitration Agreement. Accordingly, on January 29, 2020, this Court entered an Order explaining that, because Goode did not file the affidavit, this Court would proceed under the assumption that Goode does not contest the fact that he signed the Arbitration Agreement. (*See* doc. 19.)

## II.    STANDARD

The FAA "reflects an emphatic federal policy" favoring the arbitration of disputes. *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012) (quoting

*KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011)). It applies to all "contract[s] evidencing a transaction involving commerce." 9 U.S.C. § 2. Thus, "claims [that arise] under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1312 (11th Cir. 2002). These agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." 9 U.S.C. § 2. Mindful of this "federal policy favoring arbitration," courts apply state law to determine enforceability. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005).

## III.  DISCUSSION

This Court must determine whether the parties entered into a valid, enforceable agreement to arbitrate the disputes in this action. "The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). In the absence of "such an agreement, a court cannot compel the parties to settle their dispute in an arbitral forum." *Id.* (internal quotation marks and citations omitted). Alabama law requires the movant to prove "the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate

commerce" in order to compel arbitration. *Regions Bank v. Neighbors*, 168 So. 3d 1, 2 (Ala. 2014) (citing *TranSouth Fin. Corp. v. Bell*, 739 So. 2d 1110, 1114 (Ala. 1999)). If the movant carries its burden, the non-movant must then "present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question." *Id.* (quoting *Cartwright v. Maitland*, 30 So. 3d 405, 408–09 (Ala. 2009)).

Cappo has met its burden of proving the existence of a contract calling for arbitration. It has submitted a copy of the Arbitration Agreement (*see* doc. 12), which closes with a provision stating that Goode read the Agreement and understands that he is waiving his right to trial before a judge or jury. The Agreement is signed by Goode and Hood, Cappo Management's authorized representative, on the final page. (*See id.* at 3.) Although Goode submitted an affidavit stating that he never signed an arbitration agreement with Cappo and that Victory was his employer, Goode does not contest the fact that he signed the Arbitration Agreement submitted in this action. (*See* docs. 16 & 19.) The Arbitration Agreement does not expressly identify Cappo as the employer, but it also does not identify Victory as the employer. Hood's affidavit explains that Victory provides third-party management services to various car dealerships nationwide, including Cappo; that Victory drafted the Agreement signed by Goode and Cappo; and that Victory was neither Goode's employer nor a party to the Agreement. Hood stated under oath that she had no

authority to sign an arbitration agreement on Victory's behalf. Additionally, Goode has only sued Freeway Honda or Cappo in this action, not Victory.[3] Goode alleges that his claims "occurred at 1813 Ensley Avenue, Ensley, AL 35218," (doc. 4 at 2), which is Freeway Honda's physical address, (doc. 14 at 3). Cappo also submitted other employment documents purportedly signed by Goode and bearing Freeway Honda's name, as well as a paystub issued to Goode that bore Freeway Honda's and Cappo's names (but not Victory's). This Court concludes that there is sufficient evidence demonstrating that Cappo was Goode's employer.

In light of Goode's own allegations as well as the evidentiary submissions, this Court concludes that the parties had a meeting of the minds that Goode was signing an arbitration agreement with his employer. Further, Goode's job duties "concerned automobile sales, which are transactions that affect interstate commerce." *See Gassner v. Jay Wolfe Toyota*, No. 406-CV-1335 CAS, 2007 WL 1452240, at *2 (E.D. Mo. May 15, 2007).[4] Therefore, this Court is satisfied that Cappo and Goode entered into a contract calling for arbitration and that the contract evidences a transaction affecting interstate commerce.

---

[3]     In his initial complaint, Goode named Freeway Honda as a defendant. Goode subsequently amended his complaint to name Cappo as a defendant upon learning that Cappo was the defendant's "correct business name." (Doc. 5.)

[4]     While the Court recognizes that district court opinions are not binding precedent, this case is cited because the Court finds it persuasive.

Because Cappo has demonstrated the existence of a contract calling for arbitration, the burden shifts to Goode to show that the Agreement is invalid or does not apply to this dispute. As explained above, Goode does not dispute the fact that he signed the Arbitration Agreement submitted in this action. Further, the statement in Goode's affidavit that Victory was his employer is contradicted by documents such as Goode's paystub bearing the names Cappo and Freeway Honda, and Goode's own allegations in his pleadings naming Freeway Honda or Cappo as his employer. Hood also stated under oath that she has never been an employee of Victory and lacked the authority to sign an arbitration agreement on Victory's behalf. In sum, Goode's submissions are insufficient to demonstrate that the Agreement is invalid or unenforceable. Further, the Agreement mandates arbitration for any claim arising under any federal statute, including claims of discrimination; any common-law rule or practice; or any other claim whatsoever. Therefore, Goode's federal employment discrimination claims and his state law claim are all within the scope of the Agreement.

## IV. CONCLUSION

Cappo has shown that the parties voluntarily entered into an agreement to arbitrate all disputes, and Goode has not carried his burden of showing that the agreement is invalid or inapplicable. Accordingly, Cappo's motion to compel

arbitration (doc. 9) is due to be GRANTED.  An Order consistent with this Opinion

will be entered contemporaneously herewith.

**DONE** and **ORDERED** on February 4, 2020.

_____
L. Scott Coogler
United States District Judge

199335